IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 3:23-CR-77-KAC-JEM |
| MARK ALEXANDER ROBERTS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Robert's Motion to Continue Trial Date and Relevant Deadlines [**Doc. 12**], filed on July 26, 2023.

In his motion, Defendant asks the Court to continue the August 29, 2023 trial date and related deadlines at least ninety days. Despite her due diligence and good faith effort to resolve Defendant's case, defense counsel needs additional time to communicate with Defendant regarding factual issues, legal issues, and the potential for pretrial motions. Counsel also needs time to confer with counsel for the Government regarding a potential resolution of this matter. Counsel avers that granting the requested continuance will allow the parties an opportunity to make a full resolution of all issues pending in this matter and serve the ends of justice in that the need for a continuance outweighs the best interests of the public and Defendant in a speedy trial. Defendant, who is detained pending trial, has had his speedy trial rights explained to him and understands that the period of time between the filing of the motion to continue and a rescheduled trial date would be fully excludable for speedy trial purposes. Counsel for the Government has no opposition to the requested continuance.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh

the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs additional time to confer with Defendant about the factual and legal issues raised in this case and the possibility of filing pretrial motions—tasks made more difficult by Defendant's pretrial detention. Counsel also needs time to discuss a potential resolution of this case with counsel for the Government, and prepare for trial in the event such discussions are not fruitful. All of this cannot be done by the August 29, 2023 trial date.

The Court therefore **GRANTS** Defendant's Motion to Continue Trial Date and Relevant Deadlines [**Doc. 12**]. The trial of this case is reset to **December 5, 2023**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on July 26, 2023, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion to Continue Trial Date and Relevant Deadlines [**Doc. 12**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **December 5, 2023, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **July 26, 2023**, and the new trial date of **December 5, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **August 29, 2023**, and responses to motions are due on or before **September 12, 2023**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 3, 2023**;

(6) the deadline for filing motions *in limine* is **November 13, 2023**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **November 14, 2023, at 10:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **November 21, 2023**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge